IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR W. CARSON, #517349, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:06-CV-2123-G-(AH) |
| NATHANIEL QUARTERMAN, Director, | § | Referred to the U.S. Magistrate Judge |
| Texas Department of Criminal Justice, | § | ECF |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT QUARTERMAN'S MOTION TO DISMISS
WITH BRIEF IN SUPPORT**

This is a habeas corpus case brought by a Texas state prisoner, Arthur W. Carson ("Carson"), under 28 U.S.C. §§ 2241, 2254. This Court has jurisdiction over the subject matter and the parties under § 2241(d). Jurisdiction is also proper since Carson is in lawful custody pursuant to a judgment and sentence of the Criminal District Court Number 2 of Dallas County, which is within the Northern District of Texas. *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000) (jurisdiction is proper in the district containing the convicting county or county where petitioner is incarcerated). The Respondent, Nathaniel Quarterman (the "Director"), respectfully submits that Carson's instant petition must be dismissed because he fails to state a claim for which habeas relief may issue.

**STATE COURT RECORDS**

The Director has forwarded by regular mail for conventional filing as state court records the transcript of Carson's state habeas proceedings in *Ex parte Carson*, Application Nos. WR-8,774-01 through -21.

**STATEMENT OF THE CASE**

The Director has lawful custody of Carson pursuant to a judgment and sentence of the Criminal District Court Number 2 of Dallas County, Texas (the "trial court") in cause number F88-84596-LI, styled *The State of Texas v. Arthur Wayne Carson*. *Ex parte Carson*, Application No.

8,774-09, at 12-13 (copy of judgment). Carson was charged by indictment with a single count of attempted murder. *Id.* at 10 (copy of indictment). Carson pleaded not guilty, but a jury found him guilty and on July 6, 1989, sentenced him to twenty years imprisonment, with an affirmative finding of use of a deadly weapon. *Id*. at 12-14.

An appellate history of this conviction is not necessary for the resolution of the instant case because Carson is not challenging his holding conviction; he instead challenges his designation as a member of a Security Threat Group ("STG") and alleged consequences of that designation. Fed. Writ Pet. at 7-7B.

Carson raised the instant claims in a state application for habeas relief which was filed in the trial court on August 4, 2006. *Ex parte Carson*, Application No. 8,774-21 at 02. The application was forwarded to the Texas Court of Criminal Appeals, which denied relief without written order on October 11, 2006. *Id.* at cover.

Carson filed the instant petition on November 15, 2006. Fed Writ Pet. at 1. These proceedings followed.

## PETITIONER'S ALLEGATIONS

For convenience and where appropriate, the Director shall refer to these claims by the numbers given below. The Director understands Carson to allege that:

1.  His designation as a member of a STG is "inaccurate" and occurred without due process; (Fed. Writ Pet. at 7-"7a", Br. at 3-5) and

2.  He has been denied parole in violation of the Double Jeopardy Clause because of his designation as a STG member and the affirmative finding of use of a deadly weapon. Fed. Writ Pet. at 7, "7b"; Br. at 5-10.

## SUMMARY OF THE DIRECTOR'S RESPONSE

The Director provides this summary of his response, argued in full in the brief below. This Court must dismiss the instant petition because it fails to state a claim for which federal habeas relief may issue.

**Claim 1**

Carson's designation as a STG member is merely a change in the conditions of his confinement. Moreover, even if Carson could show that his designation as a STG member was inaccurate or that the designation procedure was somehow improper, he would not necessarily be entitled to accelerated release. Therefore, Carson fails to rase a cognizable federal habeas claim. As a challenge to the conditions of confinement, this claim is the subject of a civil rights suit under 42 U.S.C. § 1983.

**Claim 2**

Since Carson has no constitutionally cognizable expectation of release before the expiration of his sentence, he fails to allege a deprivation of constitutional caliber. Furthermore, states have wide discretion to determine what criteria parole boards may consider, and consideration of the facts of the underlying offense does not violate the Double Jeopardy Clause.

## AEDPA APPLICABILITY

Carson filed the instant petition on November 15, 2006. Therefore, his petition is subject to review under the amendments to the federal habeas corpus statutes embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. §§ 2244, 2254; *Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding AEDPA only applies to those habeas corpus cases filed after its effective date of April 24, 1996); *Hughes v. Dretke*, 412 F.3d 582, 588 (5th Cir. 2005).

## EXHAUSTION AND PROCEDURAL DEFAULT

The Director believes that Carson has exhausted state remedies for the claims recognized above. But the Director does not waive the exhaustion requirement. Should Carson argue that the Director has misconstrued his claims, or attempt to supplement his petition with additional claims or factual evidence not presented to the state courts, the Director reserves the right to argue in any subsequent answer that such claims are unexhausted and procedurally defaulted.

**MOTION TO DISMISS**

When Carson presented the instant claims on state habeas review, the Texas Court of Criminal Appeals denied relief without written order. *Ex parte Carson*, Application No. 8,774-21 at cover. In its opinion in *Ex parte Torres*, the Texas Court of Criminal Appeals made clear that a "denial" constitutes an adjudication of the petitioner's claims on the merits. 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The Fifth Circuit has recognized this fact of Texas state-writ jurisprudence. *McCall v. Dretke*, 390 F.3d 358, 363 n.12 (5th Cir. 2004) (citing *Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000)).

Since Carson's claims were rejected on the merits in the state habeas courts, under the AEDPA-amended 28 U.S.C. § 2254(d) (West 2006), he may not obtain federal habeas relief on any claim unless the state habeas adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In 2000, the Supreme Court in *Williams v. Taylor* explained § 2254(d)(1), holding that a state court decision may be "contrary to" Supreme Court law in two ways: first, if the state court arrives at a conclusion opposite of the Supreme Court on a question of law; and second, if the state court "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite conclusion. 529 U.S. 362, 425 (2000) (citing *Green v. French*, 143 F.3d 865, 869-870 (4th Cir. 1998)).

*Williams* explained that under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court "identifies the correct governing legal principle" from Supreme

Case 3:06-cv-02123-G   Document 11   Filed 02/20/07   Page 5 of 9   PageID 49

Court precedent "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A] federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision." *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc)); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) ("The statute compels federal courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning."). In determining whether a state court decision involves an "unreasonable application" of Supreme Court law, a federal habeas court's "inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Under this clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." *Id.* at 411; *accord Montoya v. Johnson*, 226 F.3d 399, 403-04 (5th Cir. 2000)(finding the standard for federal habeas relief is one of objective reasonableness). In other words, "a state court application may be incorrect in an independent judgment and, yet, reasonable." *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001).

When analyzing the reasonableness of a state court's determination of the facts of a petitioner's case, 28 U.S.C. § 2254(e)(1) states that such determinations "shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption by *clear and convincing evidence.*" *See also Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998) ("State court factual determinations shall be presumed correct unless rebutted by 'clear and convincing evidence.'").

"The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez*, 274 F.3d at 948 n.11; *see also Goodwin v. Johnson*, 132 F.3d 162, 183-84 (5th Cir. 1998) (findings of fact can be implied from explicit conclusions of law). As one significant

5

example, the Fifth Circuit has held that implicit credibility determinations made by the state courts are entitled to the presumption of correctness. *E.g. Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997). This is consistent with the Supreme Court's jurisprudence even before enactment of the AEDPA; the Court then routinely applied a presumption of correctness to implicit findings, including those against defendants' credibility, where such findings were necessarily part of state courts' rejections of the defendants' claims. *See e.g. Marshall v. Lonberger*, 459 U.S. 422, 433 (1983); *LaVallee v. Delle Rose*, 410 U.S. 690, 695 (1973).

I. **To the extent that Carson challenges his STG designation in Claim 1, this Court should dismiss this claim because Carson challenges only a change in the conditions of his confinement. Challenges to conditions of confinement are the subject of 42 U.S.C. § 1983.**

In Claim 1, Carson argues that designation as an STG member constitutes the incorporation of an "inaccurate gang element . . . into [his] sentence without due process[.]" Fed. Writ Pet. at 7. But pursuant to Fifth Circuit precedent, this claim is not cognizable in a federal habeas suit brought under 42 U.S.C. § 2254.

In an earlier case also involving Carson, the Fifth Circuit observed that "§ 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. A habeas petition, on the other hand, is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) and *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989)). The court in *Carson* also recognized that it had established a "bright-line rule" for determining when a challenge should be brought under § 1983: "[i]f 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." 112 F.3d at 820-21 (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

This bright-line rule applies here. Even if Carson could show that his STG designation was "inaccurate," or that the designation procedure was somehow deficient, he cannot demonstrate that he would be entitled to accelerated release as a consequence. Carson presumably attempts to

circumvent this barrier by arguing that his STG designation served as a basis for the denial of parole. Br. at 4. But it is well-settled that neither the federal Constitution nor Texas law confer a cognizable liberty interest in parole release. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979); *Orellana*, 65 F.3d at 32. Accordingly, the argument that removal of an STG designation might make parole release *more likely* does not establish that the petitioner would *actually be entitled* to such release.[1]

Therefore, since a resolution of this challenge to a condition of Carson's custody would not necessarily affect the fact or duration of his confinement, this Court should dismiss this claim so that Carson may pursue it, if at all, in a civil rights suit pursuant to 42 U.S.C. § 1983.

II. **Carson's challenge to the denial of parole in Claim 2 does not allege a deprivation actionable in federal habeas because Carson has no cognizable expectation of early release. Furthermore, Carson's double jeopardy argument is without merit because it is well-established that a parole board's consideration of the facts of a prisoner's underlying offense does not violate the Double Jeopardy Clause.**

In Claim 2, Carson argues that he has been denied parole in violation of the Double Jeopardy Clause because of his designation as a STG member and the affirmative finding of use of a deadly weapon. Fed. Writ Pet. at 7, "7b"; Br. at 5-10. As the Director has already noted above, Carson cannot challenge the denial of parole because he has no constitutional expectancy of early release.

Neither can Carson demonstrate that the Parole Board violated his due process rights by considering his STG designation or the facts of his underlying offense. The Supreme Court has held that states have wide discretion in determining what parole boards may consider, stating that "to insure the public-interest purposes of rehabilitation and deterrence, the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole

---

[1] The Director notes for the sake of completeness that Carson is not entitled to mandatory supervision release either because of the affirmative deadly weapon finding in his judgment. TEX. CODE CRIM. PROC. art. 42.18 § 8(c) (Vernon 1988). According to the mandatory supervision statute in effect when Carson committed attempted murder "[a] prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for an offense and the judgment for the offense contains an affirmative finding under Subdivision (2), Subsection (a), Section 3g, Article 42.12, of this code (deadly weapon finding)." *Id.* To date this law has remained unchanged, and is now codified in TEX. GOV'T CODE § 508.149(a)(1) (West 2006).

7

authority." *Greenholtz*, 442 U.S. at 7-8. Texas parole law does not prohibit the Board of Pardons and Paroles from considering Carson's STG designation when making its determinations. Moreover, it is well established in the Fifth Circuit that a parole board's consideration of any and all evidence relating to the underlying offense does not violate the Due Process or Double Jeopardy Clauses. *Page v. United States Parole Commission*, 651 F.2d 1083, 1086 (5th Cir. 1981) (*citing Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979). Accordingly, this Court should dismiss Claim 2 – and the entirety of Carson's petition – for failure to state a claim for which habeas relief may issue. *See* 28 U.S.C. § 2254(a); FED. R. CIV. P. 12(b)(6).

## CONCLUSION

The Director respectfully submits that this Court should dismiss Carson's instant petition for failure to state a claim cognizable in federal habeas. The Director further requests that the Court *sua sponte* deny a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ERIC J. R. NICHOLS
Deputy Attorney General for Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Postconviction Litigation Division

\*Attorney-in-Charge

JEREMY A. VALDEZ\*
Assistant Attorney General
State Bar No. 24047020

P.O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280
Jeremy.Valdez@oag.state.tx.us

ATTORNEYS FOR RESPONDENT

**CERTIFICATE OF INTERESTED PERSONS**

I, Jeremy A. Valdez, do hereby certify, pursuant to Local Rule 3.1(f) of the Northern District of Texas that other than the Director and Petitioner, counsel for Respondent is unaware of any person with a financial interest in the outcome of this case.

_____
JEREMY A. VALDEZ
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2007, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.

I hereby certify that I have served the foregoing document by mailing a copy to the following individual on February 20, 2007:

Arthur W. Carson
TDCJ-ID # 517349
Michael Unit
P.O. Box 4500
Tennessee Colony, TX 75886

_____
JEREMY A. VALDEZ
Assistant Attorney General