**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ARTHUR W. CARSON** )  ) | |
| v.           ) | **3-06-CV-2123-G** |
|              ) | |
| **NATHANIEL QUARTERMAN, Director,** ) | |
| **Texas Department of Criminal Justice** ) | |
| **Correctional Institutions Division** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2241.

**Parties**: Petitioner is an inmate confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Tennessee Colony, Texas, serving a conviction for the offense of attempted murder.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Carson was convicted of the offense of attempted murder in the indictment returned in Cause No. F-88-845696-LI and was thereafter sentenced to a twenty (20) year term of imprisonment on July 6, 1989. He does not seek to collaterally his conviction but rather challenges the Texas Board of Pardons and Paroles decision refusing to release him on parole.

In response to the petition and this court's Show Cause Order Respondent has filed an

answer asserting that the petition fails to state a claim for which federal habeas relief may be granted and copies of Carson's prior art. 11.07 applications.[1]

**Findings and Conclusions**: Carson's petition is predicated on the Texas Board of Pardons and Paroles decision not to grant him release on parole on April 6, 2006.  See Application No. 8,774-21, denied October 11, 2006, at 17.

By virtue of the conviction which he is currently serving Petitioner is not entitled to mandatory supervision release.  See Respondent's answer at page 7, note 1.  Petitioner claims that he has been falsely designated as a leader or active participant in gang or organized criminal activity by virtue of which he contends that the Board determined not to grant him parole.  Although the decision identifies gang membership as a reason for denying parole - albeit stated in the disjunctive (See 1D of the decision) - it also lists two other reasons for denying parole.  Thus, even if his gang member designation were determined to be false - which finds no support in the record except for Petitioner's self-serving statements - there is no basis for finding that the Board acted improperly.

However, more to the point and dispositive of the petition is the fact that a convicted person has no liberty interest in entitlement to parole.  Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-4 (1979).  See also Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995), citing Creel v. Keene, 928 F.2d 707, 712 (5th Cir.) cert. denied 501 U.S. 1210, 111 S.Ct. 2809 (1991) and Gilbertson v. Texas Board of Pardons and Paroles, 993 F.2d 74, 75 (5th Cir. 1993).

**RECOMMENDATION**:

---

[1] Carson has filed 21 separate art. 11.07 applications which dates back to December 17, 1979.  See Application 8,774-01.  However, the only application relevant to the present petition is Application 8,774-21 denied on October 11, 2006.

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 18th day of April, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.